**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

CLAUDE B. OAKLEY, ADC #108541                                        PLAINTIFF

v.                                No. 5:15CV00113 JLH

GERALD CANADA;
and DAVID WILLIAMS                                                   DEFENDANTS

<u>**OPINION AND ORDER**</u>

Claude Oakley brings this action against Gerald Canada and David Williams in their

individual and official capacities, alleging that Canada and Williams violated his constitutional

rights when they used excessive force during his arrest. Document #2 at 4. Oakley also alleged that

he received inadequate medical treatment, but he now has conceded that claim. Document #37 at

1. The excessive force claim is brought pursuant to 42 U.S.C. § 1983. Canada and Williams have

filed a motion for partial summary judgment on the official capacity claims.[1] Oakley has responded

and the defendants have replied. For the following reasons, the motion for partial summary

judgment is granted.

Canada and Williams are deputies with the Jefferson County Sheriff's Department.

Document #31 at 1 ¶ 1. On January 2, 2015, Canada and Williams arrested Oakley. Document #2

at 4. During the course of the arrest, according to Oakley, Williams tased him four times and kicked

him full force in the groin. *Id.* On January 15, 2015, Oakley submitted a detainee grievance form

complaining of extreme groin pain. Document #30-1. Oakley received pain medication on

January 18, 2015, and on January 23, 2015, an ultrasound was ordered of his scrotum and testicles.

---

[1] Canada and Williams concede that genuine disputes of material fact exist on Oakley's
claims against them in their individual capacities. Document #30 at 2.

Document #30-2 and document #30-3.  On February 10, 2015, the ultrasound was performed and revealed epididymal cysts on his right and left testicles.  Document #30-4.

A court should grant summary judgment if the evidence demonstrates that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  The moving party bears the initial burden of demonstrating the absence of a genuine dispute for trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).  If the moving party meets that burden, the nonmoving party must come forward with specific facts that establish a genuine dispute of material fact.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc).  A genuine dispute of material fact is presented only if the evidence is sufficient to allow a reasonable jury to return a verdict in favor of the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).  The court must view the evidence in the light most favorable to the nonmoving party and must give that party the benefit of all reasonable inferences that can be drawn from the record.  *Spencer v. Jackson Cnty. Mo.*, 738 F.3d 907, 911 (8th Cir. 2013).  If the nonmoving party fails to present evidence sufficient to establish an essential element of a claim on which that party bears the burden of proof, then the moving party is entitled to judgment as a matter of law.  *Pedersen v. Bio-Med. Applications of Minn.*, 775 F.3d 1049, 1053 (8th Cir. 2015).

Canada and Williams argue that the official capacity claims should be dismissed because Oakley has not alleged and cannot show that a custom or policy of Jefferson County led to a violation of his constitutional rights.  Document #30 at 3-4.  A suit against a public official in his official capacity is treated as a suit against the entity.  *Kentucky v. Graham*, 473 U.S. 159, 165-66,

105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985).  A municipality cannot be held liable simply because it employs a tortfeasor.  *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 691, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978).  "To establish municipal liability under § 1983, a plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity."  *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009).  "There are two basic circumstances under which municipal liability will attach: (1) where a particular municipal policy or custom itself violates federal law, or directs an employee to do so; and (2) where a facially lawful municipal policy or custom was adopted with 'deliberate indifference' to its known or obvious consequences."  *Id.* at 817-18.

To establish a claim for "custom" liability, a plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cnty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Oakley has failed to plead or present evidence that the alleged violation of his constitutional rights resulted from a custom, policy or practice of Jefferson County.  *See* Documents #2 and #37.  Therefore, the defendants' motion for partial summary judgment on Oakley's official capacity claims is granted.  Oakley's claims against Canada and Williams in their individual capacities remain to be tried.

3

**CONCLUSION**

The defendants' motion for partial summary judgment on Claude Oakley's § 1983 official

capacity claims is GRANTED.  Document #29.  Those claims are dismissed with prejudice.  Claude

Oakley's claim for denial of medical care is also dismissed with prejudice.

IT IS SO ORDERED this 19th day of May, 2016.

_____

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE